UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| GERALD TARR, | ) CV 13-2799-SH |
| Plaintiff, | ) MEMORANDUM DECISION |
| v. | ) AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

    This matter is before the Court for review of the decision by the Commissioner of Social Security denying plaintiff's application for Disability Insurance Benefits with an onset of disability commencing December 5, 2007, and instead granting the benefits commencing December 22, 2010. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed their pleadings. The plaintiff has

also filed a Memorandum in Support of the Complaint, and the defendant has filed an Opposition to Plaintiff's Memorandum as well as the certified Administrative Record. After reviewing the matter, the Court concludes that the decision of the Commissioner should be reversed and remanded.

## I. BACKGROUND

The plaintiff Gerald Tarr ("Tarr" or "Plaintiff") has filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) payments under Title II and XVI of the Social Security Act. In his applications, Tarr alleged an inability to work since December 5, 2007 due to history of asbestos exposure. (See Administrative Record ["AR"] 216-17). After the Commissioner initially denied his applications and upon reconsideration, Tarr had a hearing before an Administrative Law Judge ("ALJ"). The ALJ initially denied existence of disability. (See AR 84-95). Plaintiff requested review of the ALJ's decision, and the Appeals Council remanded the matter for further administrative proceedings. (See AR 96-99, 157-158). Following a hearing, the ALJ issued a partially favorable decision on May 15, 2013 (the "Decision") finding that the plaintiff's disability commenced December 22, 2010. (See AR 12-23).

Plaintiff makes one challenge to the ALJ's Decision. He solely alleges the ALJ erred by finding a later disability onset date without the testimony of a medical expert as required under Social Security Ruling 83-20 ("SSR 83-20").

## II. DISCUSSION

SSR 83-20 states in relevant part:

> "When the medical or work evidence is not consistent with the [date of onset alleged by the claimant], additional development may be needed to reconcile the discrepancy. … In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination,

2

> e.g., the date the claimant stopped working. How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis. At the hearing, the administrative law judge (ALJ) <u>should</u> call on the services of a medical advisor when onset must be inferred." SSR 83-20 (emphasis added).

In <u>Armstrong v. Commissioner of Social Security Administration</u>, 150 F.3d 587, 589, (9th Cir. 1998), the Court held that when the date of disability onset is "unclear" and "ambiguous," the ALJ must call a medical expert before inferring an onset date. The facts of <u>Armstrong</u> established that although the claimant was disabled as of August 9, 1994[1], that was not necessarily the date on which he became disabled. <u>Id.</u> at 590. Indeed, in March 1994, he was diagnosed with numerous other conditions, any one of which could have been disabling long before 1994. <u>Id.</u> The record in fact showed that Armstrong experienced deteriorating health problems for over 30 years. <u>Id.</u> As to exactly when his impairments disabled him remained unclear, therefore, Court found that the ALJ was required to call a medical expert to determine the correct onset date. <u>Id.</u>

SSR 83-20 further states in relevant part:

> "Particularly in the case of slowly progressive impairments, it is not necessary for an impairment to have reached listing severity (i.e., be decided on medical grounds alone) before onset can be established. In such cases, consideration of vocational factors can contribute to the determination of when the disability began." SSR 83-20.

Plaintiff argues that whenever ALJ infers an onset date different from the plaintiff's alleged onset date of disability, the ALJ must call on the services of a medical expert to support that selected onset date, as required under SSR 83-20 and <u>Armstrong</u>. Defendant argues that SSR 83-20 and <u>Armstrong</u> apply only in the event the evidence

---

[1] Armstrong was diagnosed with depression, dysthymic disorder and a schizoid personality. 160 F.3d at 589. He was unable to stand or sit for long periods of time, or walk more than a mile, suffered from severe depression including crying spells, experienced severe headaches and dizzy spells, and had regular back and leg pain including cramps and muscle spasms. <u>Id.</u>

supporting the ALJ's finding of the new onset date is ambiguous.  Defendant further argues that the evidence in the record is not ambiguous which, therefore, obviates the need to call upon the assistance of a medical expert.  This Court finds there is ambiguity in the record as to the correct onset date of disability warranting compliance with SSR 83-20's requirement of calling a medical expert to testify.

The Administrative Record shows that, on December 22, 2010, Tarr underwent a fiberoptic bronchoscopy, which revealed hemoptysis with right hilar prominence.  (See AR 388-89).  The ALJ found credible that the claimant's pulmonary endurance would decline with time after this bronchoscopy procedure.  However, the ALJ noted in the Decision that the significance of the procedure was "not clear" (see AR 20), and yet the ALJ selected this as the onset date of disability.  But there was other evidence brought forth by Tarr pre-dating December 22, 2010 that at the very least creates some ambiguity as to when the disability began.  Below are some of those facts that pre-date December 22, 2010 that create such an ambiguity.

An internal medicine consultation prepared by S&L Medical Group on or around November 18, 2009 documented Tarr's history of exposure to asbestos as early as 1998 when he started having chest pain, chest congestion, shortness of breath and wheezing. (See AR 289-92).  He went to the emergency room and was told after a chest x-ray that he had "some spots" on his lungs.  (Id.)

Much later, in a qualified medical evaluation dated October 7, 2007, Dr. Nachman Brautbar found that Tarr had a history of exposure to asbestos.  (See AR 378-83). Reviewing another doctor's CT scan, Dr. Brautbar concluded that there was evidence of asbestos changes compatible with asbestos exposure.  (Id.)  He further concluded that Tarr was exposed to asbestos and had developed asbestos-related lung-changes, but not to the level of asbestos-related lung disability as yet.  (Id.)

About one year later, in another qualified medical evaluation dated December 4, 2008, Dr. Brautbar noted a host of complaints and symptoms from Tarr, including, but not limited to, severe shortness of breath, regular coughing and chest pains, frequent dizziness, eye itching, blurred vision, hearing loss, insomnia and depression.  (See AR 370-76).

In a June 8, 2009 report, Tarr's primary care physician Dr. Dan Vu noted that Tarr frequently experienced extreme shortness of breath and pain severe enough to interfere with the attention and concentration needed to perform even simple work tasks.  (See AR 347).  In another report dated August 1, 2009, Dr. Vu documented difficulty in breathing, fatigue, and advised Tarr to avoid fumes, humidity and dust.  (See AR 348-51).

The November 18, 2009 internal medicine consultation by S&L Medical Group documented Tarr's complaint of sharp and burning chest pains accompanied by shortness of breath and dizziness.  (See AR 289-92).  The report further noted that Tarr has a history of pain on his fingers and toes, which is aggravated by doing physical work.  (Id.)

In a Disability Report, Tarr noted that he lost approximately 1-1.5% a year in breathing capacity because of asbestos in his lungs.  (See AR 232-40).

In light of SSR 83-20, Armstrong, Tarr's long history of asbestos exposure dating back to 1998, other medical evidence and Tarr's personal reports of his progressively deteriorating state of health prior to December 22, 2010, this Court concludes that it is ambiguous Tarr's disability onset date.   The court therefore reverses the ALJ's decision and remands with directions to the ALJ to call a medical expert to determine when Tarr became disabled.

SSR 83-20 requires that the ALJ assist Tarr in creating a complete record that forms the basis for the correct onset date.  The ALJ can fulfill this duty by calling a

Case 2:13-cv-02799-SH Document 21 Filed 01/28/14 Page 6 of 6 Page ID #:480

medical expert as required under SSR 83-20.  However, after the ALJ has created a complete record and has a basis for selecting an onset date.

## ORDER

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings in accordance with the decision, pursuant to Sentence 4 of 42 U.S.C. § 405(g).

DATED: January 28, 2014

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE